**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3934
_____

LUIS ALFREDO RIVERA-PADILLA
                                        Petitioner
v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A205-986-698)
Immigration Judge: Steven Morley

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 2, 2020

Before:  GREENAWAY, JR., SHWARTZ, and RENDELL, <u>Circuit Judges</u>

(Opinion Filed: August 3, 2020)

_____

OPINION[*]
_____

**RENDELL**, <u>Circuit Judge</u>:

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Luis Rivera-Padilla, a native and citizen of Ecuador, seeks review of the Board of Immigration Appeals' (BIA) Order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal. For the following reasons, we will deny the petition.

## I.    BACKGROUND

Rivera-Padilla entered the United States unlawfully around 1995 and the Department of Homeland Security initiated removal proceedings against him in 2013. Rivera-Padilla conceded removability and filed an application for cancellation of removal under 8 U.S.C. § 1229b(b).

During the hearing before the IJ, Rivera-Padilla testified that his removal to Ecuador would cause exceptional and extremely unusual hardship to his children. Rivera-Padilla testified that he has two children who live in the United States and one child who lives in Costa Rica. All three children are United States citizens. Rivera-Padilla testified that he is very close with his eldest child, Taynaris, age 18, who resides in Philadelphia with her mother. He testified that he takes her to school multiple days per week, sees her every weekend, and provides her financial support, amounting to about $150 to $180 per month. His son, Luniel Rivera, age 6, resides in Worcester, Massachusetts with his mother. Rivera-Padilla testified that he visits Luniel once or twice per month and provides him financial support, amounting to about $200 per month. Luniel's mother corroborated this information in a letter submitted to the IJ. Rivera-Padilla testified that his third child, Luis Samuel Rivera, age 12, resides in Costa Rica

2

with his mother. He testified that he buys Luis a plane ticket to visit him in Pennsylvania once per year.

The IJ noted that Rivera-Padilla provided no written documentation to support his testimony that he provides financial support to his children and provided no corroborating evidence that his children would suffer exceptional and extremely unusual hardship if he were removed to Ecuador.[1] Despite this lack of corroborating evidence, the IJ determined that Rivera-Padilla was a "credible witness" and accepted his testimony. App. 17. For Taynaris, the IJ credited Rivera-Padilla's testimony that he was emotionally attached to Taynaris and that he provided her financial support. But even accepting Rivera-Padilla's testimony as true, the IJ did "not fin[d] the combination of $150 to $180 per month, plus the emotional connection, to be sufficient to establish exceptional and extremely unusual hardship." App. 18. For Luniel, the IJ accepted that Rivera-Padilla sends Luniel's mother $200 per month, but was unable to determine the level of hardship Luniel would suffer if Rivera-Padilla were unable to continue sending financial support upon removal to Ecuador. The IJ also observed that Rivera-Padilla could continue to communicate with Luniel from Ecuador and noted that Luniel would not be "traumatize[d]" in any way "beyond the normal consequences of removal." App. 19-20. For Luis, the IJ determined that he was not a qualifying relative under § 1229b(b) because there was insufficient proof to establish that Rivera-Padilla was his father. But,

---

[1] The IJ acknowledged that Rivera-Padilla had informed his (now former) attorney that he could provide corroborating testimony from Taynaris's mother, yet his counsel determined that such testimony was unnecessary.

even if Luis were a qualifying relative, the IJ determined that Luis would not suffer the requisite hardship. Accordingly, the IJ denied the application for cancellation of removal.

Rivera-Padilla obtained new counsel and appealed the IJ's ruling on grounds of denial of due process based on ineffective assistance of counsel. Rivera-Padilla argued that his prior counsel provided ineffective assistance by failing to gather documentary support for Rivera-Padilla's case. Rivera-Padilla submitted the following new documents as part of his appeal to the BIA: a letter from his daughter, Taynaris, explaining the emotional and psychological impact that Rivera-Padilla has had on her life; a letter from Taynaris's mother, confirming Rivera-Padilla's monthly financial payment for child support; a letter from Luniel's mother, confirming Rivera-Padilla's monthly child support payments and describing her overall economic circumstances; and a letter from Luis's mother in Costa Rica indicating that Rivera-Padilla is Luis's father and that he provided her financial support.

The BIA determined that Rivera-Padilla had satisfied the minimum requirements to establish ineffective assistance of counsel but did not establish that he was prejudiced by his deficient counsel. The BIA noted that the evidence Rivera-Padilla submitted on appeal "merely corroborates facts accepted by the Immigration Judge." App. 5. Thus, because the IJ "assumed the truth of [Rivera-Padilla]'s testimony, but found that the hardship standard had not been met," the corroborating evidence did not affect the IJ's ultimate decision. *Id*. at 5. The BIA also agreed with the IJ's determination that Rivera-Padilla did not satisfy the requirements for cancellation of removal. Accordingly, the

4

BIA affirmed the IJ's denial of Rivera-Padilla's request for cancellation of removal and dismissed the appeal. This petition followed.

## II.    JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review Rivera-Padilla's due process claim that he received ineffective assistance of counsel during his removal proceedings before the IJ. *See Calderon-Rosas v. Att'y Gen. United States*, 957 F.3d 378, 386 (3d Cir. 2020). We review this claim de novo. *Id*. at 383.

## III.    DISCUSSION

"Where an alien claims a denial of due process because he was prevented from making his case to the BIA or the IJ, he must show (1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted." *Fadiga v. Att'y Gen. U.S.*, 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks, footnote, and citations omitted). To establish prejudice, a petitioner must demonstrate that there is a "reasonable probability" that the IJ would not have entered its order of removal "absent counsel's errors." *Calderon-Rosas*, 957 F.3d at 387 (quoting *Fadiga*, 488 F.3d at 159). We agree with the BIA's determination that Rivera-Padilla has failed to establish that he was prejudiced by his deficient counsel's errors.[2]

---

[2] Rivera-Padilla also argues for the first time on appeal that his prior counsel was ineffective for failing to advise him that he might be eligible for relief under the Deferred Action for Childhood Arrivals program. Because Rivera-Padilla failed to exhaust this claim before the BIA, we lack jurisdiction to review this claim. *See Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005).

Substantial evidence supports the BIA's factual determination that the documents Rivera-Padilla submitted to the BIA only served to corroborate facts already accepted by the IJ, namely that Rivera-Padilla is emotionally close with his children and provides them financial support. But, accepting these facts, the IJ determined that Rivera-Padilla failed to establish that his children would suffer "exceptional and extremely unusual hardship" if he were removed to Ecuador. App. 20. Rivera-Padilla's new evidence does not add meaningfully to the evidence that he presented to the IJ or offer any new bases for cancellation of removal. Thus, Rivera-Padilla has not established that there is a "reasonable probability" that the IJ would have granted cancellation of removal "absent counsel's errors." *Calderon-Rosas*, 957 F.3d at 387 (citation omitted). Accordingly, we find that the BIA did not violate Rivera-Padilla's due process rights and that the BIA did not err in concluding that Rivera-Padilla's ineffective assistance of counsel claim fails.

## IV.    CONCLUSION

For the foregoing reasons, we will deny the petition.